Porter, J.
delivered the opinion of the court. This is an action on a promissory note, in which the defendant, pleaded the general issue, and prayed for a jury.
The only question which the case presents, is the correctness of the opinion of the court of the first instance, on a challenge to the array.
The defendant objected to the jury, because it appeared, the sheriff had only returned twenty-four persons to serve as jurors, when, by law, the panel should have contained forty-eight.
By an act of the legislature of date the 26th March, 1813. it is provided, that the formalities required by the statute of the territory, which prescribes the mode of summoning grand and petit juries, should be pursued in selecting juries for the district, and parish courts. 2 Martins Digest, 198-200. That act provides, that eighteen persons shall be drawn to serve as jurors for the parish courts, whenever they shall be required ; and forty- *682 eight shall be selected to serve as grand and petty jurors at each session of the superior court.
It is important in the inquiry, which this case presents, to ascertain which of these modes the legislature referred to, when they directed the formalities used under the territorial government, to be pursued in obtaining juries for the parish courts; to that which prescribes eighteen jurors to be summoned, or that which directs forty-eight.
It is against the conclusion, that the latter number was meant, that, no grand jurors are necessary in the parish courts, and therefore it would seem a vain thing to summon persons to serve as such. Too much weight, however, cannot be given to this argument, for we find the legislature in the year 1810, directing a list to be formed in order that persons might he drawn from it. to serve as grand jurors in the parish courts, at a time when it is notorious these tribunals had not criminal jurisdiction, requiring the aid of such a body. Acts of the territorial legislature, March 16, 1810, § 1.
It is equally as difficult to believe, that the number provided for the parish court, under the territorial government, was in the contemplation of the legislature, for the whole pro *683 visions in the act are directed to provide a jury for the district court, in which eighteen would not have been a sufficient number. The selection, too, is directed to be made in the manner pointed out by that part of the former law, under which forty-eight were drawn; and the exception, at the close of the section already quoted, that juries might be summoned for three parishes alone, in the state, without making any distinction in the manner these jurors were to be procured, rather strengthens than weakens the conclusion, that only one mode was contemplated for both courts.
But whatever may be the sound construction of this act in relation to the parishes of St. Tammany and St. Helena, in regard to that of New-Orleans, there cannot well be a question; for the statute establishing the city court directs, "that the mode of proceeding before the same, shall be in all respects similar to that prescribed for the district court." The modes of proceeding would not be the same, if the same number of jurors were not selected for each.
On the whole, we think that the true construction of the statute is, that forty-eight jurors must he summoned at each term of the *684 court, where this cause was tried, and we therefore conclude, that the challenge to the array was well taken.
Christy for the plaintiff, the defendant in priâ personâ.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that this cause be remanded for a new trial, and that the appellee pay the costs of this appeal.